IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDERICK ANDREW MORRIS,

                                                        OPINION AND ORDER

            Plaintiff,

                                                        20-cv-388-bbc

    v.

DR. MERADITH MACIOPINTO, TERESA AMIMO,
LEONARD VOSS, LORRETTA JOHNSON, MELISSA
BLOCK, JANE DOE, TERESSA BENYO AND L. BUCHANEN,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Frederick Andrew Morris has filed a proposed civil action under 42 U.S.C. § 1983, contending that prison staff at Columbia Correctional Institution are violating his rights under the Eighth Amendment and state law by failing to provide him adequate medical treatment and accommodations for various medical problems. He has also filed a supplement to his complaint, alleging that he is on a hunger strike and has been forced to take medication against his will. Dkt. #12. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether his complaint should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or because plaintiff seeks monetary relief from a defendant who is immune from such relief.

      I cannot conduct the required screening because plaintiff's complaint violates Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a plaintiff to provide enough detail in his complaint that the defendants have notice of what plaintiff believes they did to violate

1

Case: 3:20-cv-00388-bbc   Document #: 20   Filed: 06/19/20   Page 2 of 7

his rights. Plaintiff's complaint also violates Rule 20, which prohibits litigants from bringing unrelated claims against different defendants in a single action. As discussed below, plaintiff's complaint consists of several vague and conclusory statements about various medical accommodations he wants, but he provides little information about why he thinks defendants have violated his constitutional rights. In addition, his allegations involve several seemingly unrelated medical problems. Therefore, plaintiff cannot proceed with his lawsuit as he has presented it. I will give him an opportunity to draft an amended complaint that clarifies his claims and includes only claims that are sufficiently related to each other.

## ANALYSIS

### A. Problems with Plaintiff's Complaint

All of plaintiff's allegations are about prison staff's failure to treat or accommodate his medical problems. But plaintiff's complaint includes allegations concerning the denial of medical care by different individuals for different ailments. In particular, plaintiff's complaint contains allegations about the follow distinct medical problems:

1. Plaintiff is on a hunger strike and has been denied adequate nutrition, has been forced to take medications and has been subject to unsanitary feeding practices.

2. Plaintiff has nerve damage in his hand that causes him significant pain when his hands are cuffed behind him, but his doctor has refused to approve a cuff-in-front restriction.

3. Plaintiff has knee and back pain and wants a back brace, knee brace and a no-

kneel restriction.

4. Plaintiff has hypothyroidism and used to take levothyroxine for it. His doctor discontinued the prescription, but plaintiff wants to take it again.

5. Plaintiff has frequent migraine headaches that sometimes cause him to cry and vomit, but he has not received treatment for them.

6. Plaintiff has intense pain in his feet, but he has not received treatment.

7. Plaintiff has acid reflux and wants medication and an extra pillow.

Plaintiff's allegations about each of these medical problems are vague and conclusory. As to some of these problems, it is not clear whether plaintiff has notified health services about the problem, when he notified health services, whether he has been seen by a treatment provider for the problem and whether he has received any form of treatment. Without more information, I cannot determine whether plaintiff's allegations state a claim against any of the named defendants. Because plaintiff's complaint does not include enough information to support a claim under federal law, it does not comply with Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff's complaint also appears to violate Rule 20 of the Federal Rules of Civil Procedure. Under Rule 20, a lawsuit may be divided when it includes unrelated claims against different defendants. Lee v. Cook Cty., Ill., 635 F.3d 969, 971 (7th Cir. 2011); Aiello v. Kingston, 947 F.2d 834, 835 (7th Cir. 1991); Goodvine v. Meisner, 608 F. App'x 415, 417 (7th Cir. 2015). Even when the claims are related, the court has authority under Rule 21 and its inherent authority to divide a lawsuit when it would be unwieldy to allow

a plaintiff to proceed on multiple claims against many different defendants in a single case. Lee, 635 F.3d 969, 971 (7th Cir. 2011) (court may separate claims under Fed. R. Civ. P. 21 when differences between the claims predominate over common questions); In re High Fructose Corn Syrup Antitrust Litigation, 361 F.3d 439, 441 (7th Cir. 2004) (court has inherent authority to separate claims in interest of justice even when standard under Rule 21 is not satisfied).

In this instance, there appears to be no factual overlap as to many of the allegations in plaintiff's complaint. Plaintiff is seeking various types of treatment for different ailments, each of which would require a separate and distinct analysis by a medical provider. In addition, plaintiff does not say that one defendant was involved in, or responsible for making the treatment decisions he now challenges. However, because plaintiff's allegations are so vague, I cannot state conclusively whether some of these claims could proceed together in the same lawsuit. Therefore, I will give plaintiff the opportunity to explain why these various claims should proceed together.

### B. Drafting an Amended Complaint

Because plaintiff's complaint does not comply with the Federal Rules of Civil Procedure, I will dismiss his complaint. I will give plaintiff the opportunity to file an amended complaint that clarifies his claims and eliminates unrelated claims. Plaintiff should draft his amended complaint as if he were telling a story to people who know nothing about his situation. This means that he should explain:

4

      (1) what his medical problems are;

      (2) whether he has sought treatment;

      (3) when he sought treatment;

      (4) who responded to his requests for treatment;

      (5) what type of treatment he has received, if any;

      (6) why plaintiff believes the treatment is inadequate; and

      (7) what action each individual defendant took, or did not take, that constituted a violation of plaintiff's constitutional rights.

Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes. Plaintiff also should make sure that all of the claims he includes are sufficiently related to each other, which means that there are common questions of law or fact between the claims. If any of the claims are unrelated, plaintiff should eliminate them. Plaintiff can then decide whether he wants to pursue the unrelated claims in a separate lawsuit.

If plaintiff files an amended complaint, I will screen it under 28 U.S.C. § 1915A to determine whether he may proceed.

### C. Motions for Temporary Restraining Order

Plaintiff has also filed several motions for a temporary restraining order, asking the court to order prison staff to provide him adequate nutrition, a permanent cuff-in-front restriction, a no-kneel restriction, knee braces, a back brace, treatment for his feet, medication for his migraines and a permanent order of levothyroxine.  Dkt. #3; Dkt. #7; Dkt. #15.

Preliminary injunctive relief is an "extraordinary equitable remedy that is available only when the movant shows clear need." Turnell v. CentiMark Corp., 796 F.3d 656, 661 (7th Cir. 2015).  To prevail on a motion for a preliminary injunction or temporary restraining order, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted.  Lambert v. Buss, 498 F.3d 446, 451 (7th Cir. 2007).  In this case, I must deny plaintiff's motion for emergency injunctive relief for two reasons.

First, plaintiff's motion does not comply with this court's procedures for obtaining emergency injunctive relief.  Under those procedures, a plaintiff must submit proposed findings of fact and evidence to support a request for injunctive relief.  Plaintiff has not submitted either.  I will provide a copy of the procedures to plaintiff with this order.

Second, plaintiff has not shown that he has a likelihood of success on the merits of his claims.  At this point, he has provided so few facts to support his claims that his lawsuit cannot proceed.  He also has submitted no evidence in support of his motion for injunctive relief, such as medical records or declarations.  Therefore, I will deny his motion.

ORDER

IT IS ORDERED that

1. Plaintiff Frederick Andrew Morris' complaint is DISMISSED WITHOUT PREJUDICE for his failure to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure.

2. Plaintiff may have until July 9, 2020 to file an amended complaint that complies with the federal rules and the directions provided in this opinion.

3. Plaintiff's motions for temporary injunctive relief, dkt. #2; dkt. #7; dkt. #15, are DENIED.

4. Plaintiff's motion to supplement his complaint, dkt. #12, is GRANTED.

4. The clerk of court is directed to provide plaintiff a copy of this court's procedures for obtaining injunctive relief.

Entered this 19th day of June, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge