IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDERICK ANDREW MORRIS,

                                                                OPINION AND ORDER

                Plaintiff,

                                                                 20-cv-388-bbc

      v.

DR. MERADITH MACIOPINTO, TERESA AMIMO,
LEONARD VOSS, LORRETTA JOHNSON, MELISSA
BLOCK, JANE DOE, TERESSA BENYO AND L. BUCHANEN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Frederick Andrew Morris filed a proposed civil action under 42 U.S.C. § 1983, contending that prison staff at Columbia Correctional Institution violated his constitutional rights in various ways. On June 19, 2020, I dismissed his complaint because it violated Rules 8 and 20 of the Federal Rules of Civil Procedure. His complaint did not provide adequate information to support his claims, and his complaint contained allegations about several unrelated incidents. I gave plaintiff the opportunity to file an amended complaint that fixed these problems.

      Now plaintiff has filed an amended complaint that is before the court for screening under 28 U.S.C. § 1915A. Plaintiff's amended complaint focuses on his allegations that he was forced to take medication without his consent. Specifically, plaintiff alleges that in January 2020, he was on a hunger strike and was fed though a feeding tube pursuant to a court order. The court order did not state that prison staff should give plaintiff medications through the feeding tube. On several occasions in January 2020, nursing staff asked plaintiff

1

whether he wanted to take his medications, but plaintiff refused to respond to nursing staff. Nursing staff told plaintiff that his refusal to respond would be taken as consent to taking his medications. Nursing staff then crushed his medication and injected it into plaintiff's feeding tube. (Plaintiff does not say what medications he took.) At some point, plaintiff wrote to health services and stated that he did not want his medication forced on him. (Plaintiff does not allege that he continued to receive medication after he wrote to health services.) Plaintiff contends that the nursing staff violated his constitutional rights by forcing him to take medication without his consent.

The Fourteenth Amendment's due process clause protects prisoners' liberty interest in refusing forced medical treatment while they are incarcerated. Knight v. Grossman, 942 F.3d 336, 342 (7th Cir. 2019) (citing Washington v. Harper, 494 U.S. 210, 221–22 (1990)). To state a Fourteenth Amendment substantive due process claim related to forced medical treatment, plaintiff would need to allege facts suggesting that defendants were "deliberately indifferent" to his right to refuse medical care. Knight, 942 F.3d at 343. A medical provider is deliberately indifferent to a prisoner's right to refuse treatment if the medical provider knows that the prisoner did not consent to treatment, but the provider forces the prisoner to receive treatment anyway. Id. Neither negligence nor gross negligence is enough to support a substantive due process claim, which must be so egregious as to "shock the conscience." County of Sacramento v. Lewis, 523 U.S. 833, 848–49(1998); McDowell v. Village of Lansing, 763 F.3d 762, 766 (7th Cir. 2014).

In this instance, plaintiff's allegations do not suggest that any defendant acted with

deliberate indifference to plaintiff's right to refuse medical treatment. Instead, plaintiff alleges that before he received any medication, nursing staff gave him the chance to decline the medication and warned him that silence would be interpreted as consent. Plaintiff chose not to respond. These allegations do not suggest that nursing staff knew that plaintiff did not want to receive medication but forced him to take medication anyway. Instead, the allegations suggest that nursing staff interpreted plaintiff's silence as consent. Therefore, plaintiff may not proceed with a substantive due process claim against defendants. Because plaintiff's allegations do not implicate any other constitutional right, I will dismiss this case.

## ORDER

IT IS ORDERED that

1. Plaintiff Frederick Andrew Morris's complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. The court will record a strike under 28 U.S.C. § 1915(g).

2. The clerk of court is directed to enter judgment and close this case.

Entered this 30th day of June, 2020.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge