IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDERICK ANDREW MORRIS,

                                      OPINION AND ORDER

        Plaintiff,

                                      20-cv-388-bbc

    v.

DR. MERADITH MACIOPINTO, TERESA AMIMO,
LEONARD VOSS, LORRETTA JOHNSON, MELISSA
BLOCK, JANE DOE, TERESSA BENYO AND L. BUCHANEN,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On June 30, 2020, I dismissed pro se plaintiff Frederick Andrew Morris's complaint against prison staff at Columbia Correctional Institution. Plaintiff alleged that while he was on a hunger strike in January 2020, nursing staff gave him medication through his feeding tube without his permission. In particular, nursing staff asked plaintiff whether he wanted to take his medications, and when plaintiff refused to respond, the nurses crushed plaintiff's medication and injected it into plaintiff's feeding tube. I concluded that plaintiff's allegations did not state a claim for violation of his due process rights because plaintiff had not alleged facts suggesting that nursing staff was deliberately indifferent to his right to refuse medical treatment. Dkt. #22 at 2 (citing Knight v. Grossman, 942 F.3d 336, 342 (7th Cir. 2019); Washington v. Harper, 494 U.S. 210, 221–22 (1990). Instead, plaintiff alleged that nursing staff gave him the chance to decline the medication and warned him that silence would be interpreted as consent, but plaintiff chose not to respond.

      Now plaintiff has filed a motion for reconsideration. Dkt. #24. He argues that his

1

complaint states a due process claim under Riggins v. Nevada, 504 U.S. 127 (1992) and Sell v. United States, 539 U.S. 166 (2003). However, neither Riggins nor Sell is applicable to plaintiff's claim. Those cases address the circumstances in which a court may order that a criminal defendant be forced, against his will, to take antipsychotic drugs during a criminal trial, in order to render the defendant competent to stand trial. Riggins, 504 U.S. at 136; Sell, 539 U.S. at 179-80. Plaintiff has not alleged that he was forced to take antipsychotic medications against his will during a criminal proceeding. He has alleged only that he was provided some type of medication through his feeding tube, after being given the chance to decline the medication. For the reasons explained in the previous order, plaintiff's allegations do not state a claim for violation of his constitutional rights.

## ORDER

IT IS ORDERED that plaintiff Frederick Andrew Morris's motion for reconsideration, dkt. #24, is DENIED.

Entered this 17th day of July, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge